Harold JACOBS et al., Plaintiffs,

v.

PAUL HARDEMAN, INC., et al., Defendants.

No. 64 Civ. 2820.

United States District Court S. D. New York.

Aug. 31, 1967.

Louis C. Fieland, New York City, for plaintiffs.

Cravath, Swaine & Moore, New York City, for defendants; John R. Hupper, Howard G. Kristol, Norman J. Itzkoff, New York City, of counsel.

McGOHEY, District Judge.

The defendants have moved, pursuant to subdivisions (c) (1) and (d) (4) of amended Federal Civil Rule 23 which became effective July 1, 1966, for an order determining that "this action shall not be maintained as a class action, and striking from the consolidated complaint herein those allegations by which plaintiffs purport to sue as representative parties on behalf of others than themselves. * * * " The plaintiffs have not opposed the motion. On the contrary their counsel states: "Under all of the circumstances as they have developed since the institution of this action, all the plaintiffs in this consolidated action are now adverse to its maintenance as a class action with its attendant enlarged problems of fact and law, delay, and increased expense of prosecution. However, the plaintiffs are resolved to prosecute their substantial individual claims, jointly. Accordingly, since in their view it would

not be in their best interest, I have not been authorized by the present plaintiffs to contest the issues of law raised by the instant motion, or the issue of whether or not the instant action meets the requirements for the maintenance of a class action as set forth under present Rule 23." [1]

The Supreme Court's order of February 28, 1966, respecting the amendments and additions to the Rules of Civil Procedure for the United States District Courts directs that they "shall take effect on July 1, 1966, and shall govern all proceedings in actions brought thereafter and also in all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action then pending would not be feasible or would work injustice, in which event the former procedure applies." [2] It is necessary therefore to determine at the outset whether application of Rule 23 as amended is feasible here and, even if it is, whether such application would work injustice.

The action grows out of an offering on December 9, 1963, of $7 million principal amount of debentures of the defendant Paul Hardeman, Inc. The claims of the named plaintiffffs were asserted originally in two earlier actions in this court which have since been consolidated. They seek, generally, pursuant to the Securities Act of 1933,[3] recision of certain alleged individual purchases of the debentures and damages for alleged misrepresentations in, and omissions of material facts from, the relevant registration statement and the prospectus. The first of the earlier actions, entitled Ross, et al. v. Paul Hardeman, Inc., et al. (64 Civ. 2820), was commenced on September 14, 1964. The second, entitled O'Donnell, et al. v. Paul Hardeman, Inc., et al. (65 Civ. 3708), was commenced on December 6, 1965. The con-

---

1. Aff. of Louis C. Fieland sworn to May 15, 1967, submitted on the motion, par. 7.

2. 39 F.R.D. 69 at p. 251.

3. 15 U.S.C. § 77k ff.

solidated complaint which was filed on November 2, 1966, embodies the claims asserted in the earlier actions by the present plaintiffs on behalf of themselves and all present and former debenture holders similarly situated. It alleges, as did each of earlier complaints, that "One year has not elapsed since plaintiffs discovered, or by ordinary diligence could have discovered the aforesaid misstatements, concealments and omissions." [4]

The Ross action was brought by seven alleged purchasers of an aggregate of $239,000 principal amount of debentures. The plaintiffs in that action, after issue was joined, examined the defendants Thomas W. McMahon, Jr. and Norman L. Spelke whose testimony directly controverted the claims asserted by the seven plaintiffs. The latter thereafter, on June 28, 1966, petitioned for leave to discontinue prosecution of their claims with prejudice for the stated reason that they were unwilling, because of doubt as to the defendants' liability, to incur further expense in continuing the action. An order of discontinuance of their individual claims was entered July 1, 1966. Several months prior to that petition the present plaintiff Harold Jacobs had intervened in the Ross action pursuant to an order entered on January 20, 1966, and he adopted all the material allegations of the Ross complaint. He did not join in the petition to discontinue and

thus that action continued as to him and all those similarly situated whom he, by adoption of the Ross complaint, purported to represent.[5] No other alleged purchaser intervened in the Ross action. Jacobs claims to have purchased $10,000 principal amount of debentures.

The three plaintiffs in the O'Donnell action claim to have purchased an aggregate of $90,000 principal amount of debentures. No one sought to intervene in their action. One alleged purchaser made inquiry about it but, after conference with the plaintiffs' counsel, he did not move to intervene nor did he commence an independent action.[6] No one has sought to intervene in the consolidated action.

Neither Jacobs nor the O'Donnell plaintiffs took any steps to prosecute their separate actions prior to the motion for consolidation made on August 2, 1966.

This action does not seek to vindicate joint, common or secondary rights but rather the several rights of the named plaintiffs and such other purchasers of the debentures, if any, as may be similarly situated. Neither does it involve claims to a specific fund or property. It clearly is the kind of action which was formerly called a "spurious" class action and thus, prior to July 1, 1966, was governed by subdivisions (a) (3) of former Federal Civil Rule 23.[7]

4. Consolidated Complaint par. 14.

5. Judge Tenney who granted the order of discontinuance appended thereto the following memorandum: "Even assuming, *arguendo*, that the within action is the type requiring notice of dismissal to shareholders under Rule 23(c), it appears that while the within named plaintiffs are seeking to dismiss, the intervenor plaintiff Harold Jacobs is continuing the action on the same pleadings. Thus the 'action' itself is not being dismissed." Accordingly no notice to other debenture holders was ordered or given.

6. Aff. of John R. Hupper sworn to May 11, 1967, in support of the motion par.

10; aff. of Louis C. Fieland, counsel for the plaintiffs, sworn to May 15, 1967, pars. 4 and 5.

7. "Rule 23. Class Actions
"(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is
" * * *
"(3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought."

In the present stage of the action it is altogether practical to apply Rule 23 as amended and as no resulting injustice to non-intervening purchasers is discernible,[8] it will be applied.

Subdivision (c) (1) of Rule 23 as amended provides that "As soon as practical after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. * * *" The factors to be considered in making the required determination are prescribed in subdivisions (a) and (b) of the amended Rule.[9]

How many purchasers there have been of the seven thousand debentures originally offered is not shown but reasonably it may be assumed that the number is large enough to make joinder of all of them impracticable. This satisfies subdivision (a) (1) of the present rule. However, while there are probably *some* questions of law and fact common to *some* of the purchase transactions, this, as will appear, is certainly not true as to all. Thus subdivision (a) (2) of the present rule is not complied with.

All of the named plaintiffs bought from underwriter defendants; Jacobs on December 12, 1963, from Hemphill, Noyes & Co.;[10] the other three from Hertz, Newmark & Warner "at various times prior to April 17, 1964."[11] What the earliest and latest of these "various times" were is not shown and although it is not, in terms, alleged that all the purchases in that period were made in reliance on the registration statement and prospectus alone, it may,

8. See Escott v. Barchris Construction Corporation, 2 Cir., 340 F.2d 731; cert. denied sub. nom. Drexel & Co. v. Hall, 382 U.S. 816, 86 S.Ct. 37, 15 L.Ed.2d 63 (1965).

9. "(a) *Prerequisites to a Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

"(b) *Class Actions Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individal members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."

10. Aff. of Harold Jacobs sworn to Oct. 15, 1965, in support of his motion to intervene.

11. Consolidated complaint par. 3.

for present purposes, be assumed that such is the claim which these three plaintiffs intend to assert. The unchallenged Steinbrink affidavit of May 11, 1967, which the court has no reason to doubt, shows however, that "Prior to 1967 the debentures were listed and traded on the American Stock Exchange, and they are presently traded in the over-the-counter market."[12] Thus the factual and legal positions of those who purchased in the open market are certain to be significantly different from those of any of the named plaintiffs. Moreover it seems most unlikely that any who purchased after the April 1964 merger or after the subsequent financial reverses of the merged company, all of which appear to have been contemporaneously publicized to some extent at least,[13] could successfully contend they were misled by failure of the registration statement and the prospectus to disclose any then known facts which might have indicated the possibility of such developments. The claims of such late purchasers and the defenses thereto would thus not be typical of those of the named plaintiffs and thus the latter, now reluctant representatives at best, can hardly be said to "fairly and adequately protect the interests" of the late purchasers. I find they do not. It is accordingly concluded that the prerequisites of subdivisions (a) (3) and (a) (4) of the amended rule are not complied with.

In view of the foregoing conclusions respecting noncompliance with all of the prerequisites of subdivision (a) of the amended rule, it is unnecessary to consider whether the case meets at least one of the three conditions prescribed by subdivision (b) of the amended rule.

The motion is granted.

Settle order.

---

12. See affidavit of Stuart H. Steinbrink in support of the motion respecting the circumstances of the so-called "Young" merger in April 1964. Failure to disclose in the registration statement and prospectus certain alleged pre-offering negotiations respecting that merger, is one of the derelictions alleged in the consolidated complaint.

