**Marshall WINOKUR et al., Plaintiffs,**

**v.**

**BELL FEDERAL SAVINGS AND LOAN ASSOCIATION et al., Defendants.**

**No. 70 C 1177.**

United States District Court,
N. D. Illinois, E. D.

Oct. 17, 1972.

Orlikoff, Prins, Flamm & Susman, Chicago, Ill., for plaintiffs.

Austin L. Wyman, Henry F. Vallely, James Staulcup, Jr., Lyman W. Sherwood & Lewis G. Groebe, E. Houston Harsha, William R. Theiss, Kirkland & Ellis, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on defendants' motion pursuant to Rule 23(c) of the Federal Rules of Civil Procedure for an order denying the right to maintain this cause as a class action as to plaintiffs. This Court previously ruled on March 27, 1972 that a class action as to the defendants could not be maintained in this suit.

The named plaintiffs Marshall and Rae Winokur are holders of a savings account issued by defendant Bell Federal Savings and Loan Association (hereinafter referred to as "Bell"); Abe and Celia Brodsky, at all times relevant to this suit, were holders of a savings account issued by defendant Home Federal Savings (hereinafter referred to as "Home"); and plaintiffs Ethelle and Bertha Katz, at all times relevant to this suit, were holders of a savings account issued by Uptown Federal Savings and Loan Association of Chicago (hereinafter referred to as "Uptown"). Bell, Home and Uptown, all federally chartered savings and loan associations, are authorized by statute [1] to raise capital by the sale of savings accounts to the public.

The complaint alleges that plaintiffs are purchasers and/or sellers of securities and that the defendants have made and are continuing to make misstatements and omissions of material fact in connection with such purchases and sales in violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and Rule 10(b)(5) of the Rules of the Securities and Exchange Commission, 17 C.F.R. § 240.10b–5. More specifically, plaintiffs allege the following misleading statements:

1. "The defendants falsely advertise that the dividends paid by them are the equivalent of interest compounded daily. . . ." [This is alleged to be a misstatement because if a depositor withdraws prior to the last day in any calendar quarter, he is paid no dividends at all on the withdrawn funds for that quarter.]

2. "The defendants omit to state that no dividend at all is paid for the balance of a calendar month in which a deposit is made subsequent to the 10th day of that month." [This is alleged to be misleading because defendants advertise that "all savings in by the 10th earn from the 1st" and omit to mention that deposits made after the 10th of the month do not earn interest until the first of the following month.]

Jurisdiction is alleged under 15 U.S.C. § 78aa. At this time, the Court need not consider the propriety of jurisdiction under this section.

Plaintiffs seek to bring this suit as a class action under Rule 23 on behalf of all persons who have withdrawn or deposited money in Bell, Home, and Uptown and who have thereby suffered loss in that they "(i) withdrew funds prior to the end of a calendar quarter and did not receive dividends equivalent to interest compounded daily, or (ii) deposited funds after the 10th day and prior to the end of the month and received no dividends at all for this period."

Plaintiffs contend that they meet the requirements of Rule 23, directing the main thrust of their arguments to the propositions that: (1) they are representative of the plaintiff class they seek to represent; (2) there are questions of law and fact common to the class and that these questions "predominate over questions affecting only individual members"; and (3) such a class action is manageable because where a Rule 10(b)(5) violation is alleged reliance by each member of the class on the misrep-

1. 12 U.S.C. § 1464.

resentation need not be shown, but rather merely the materiality of the misrepresentation must be shown.

Defendants contend that the requirements of Rule 23 have not been satisfied because, *inter alia*, the individual plaintiffs are not representative of the class on whose behalf they are suing. Defendants further contend that numerous individual questions are raised by this action, that consequently common issues do not predominate, and that the class action would be an unmanageable rather than a superior means of adjudicating this controversy. Defendants also take the position that an individual does not have a claim for a misleading statement under Rule 10(b)(5) unless the individual relied on the statement to his detriment.

The arguments presented by the plaintiffs are unpersuasive; thus, this Court finds that the requirements for a Rule 23 class action have not been satisfied.

## REQUIREMENTS FOR THE MAINTENANCE OF A CLASS ACTION

In order for a class action to be the proper mechanism for adjudicating a controversy, the following requirements for Rule 23(a) must all be satisfied:

1. the class must be so numerous that joinder of all members would be impracticable;

2. there must be questions of law or fact common to the class;

3. the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

4. the representative parties must fairly and adequately protect the interests of the class.

In addition, one of the provisions of Rule 23(b) must also be satisfied. This Court is of the opinion that the purported class of plaintiffs does not meet at least two of the four prerequisites of Rule 23(a).

## THE CLAIMS OF THE REPRESENTATIVE PARTIES ARE NOT TYPICAL OF THE CLAIMS OF THE CLASS

In Jacobs v. Paul Hardeman, Inc., 42 F.R.D. 595 (S.D.N.Y.1967), plaintiffs sought on behalf of a class of "all present and former debenture holders similarly situated" the rescission of individual purchases of debentures and damages for alleged misrepresentations in and omissions of material facts from a registration statement and prospectus. The court dismissed the class action aspect of the complaint on grounds that:

"    .    .    .    while there are probably some questions of law and fact common to some of the purchase transactions, this    .    .    .    is certainly not true as to all." 42 F.R.D. at 598.

The court held that the requirements of 23(a)(3) and (4) had not been complied with because the named plaintiffs had purchased stock from underwriters on the basis of a prospectus and registration statement while other members of the class had later purchased in the open market after various information about the company's financial reverses had been publicized. The court in dismissing the class action concluded that the claims of the named plaintiffs would not be typical of those of the later purchasers, that their factual and legal positions were significantly different, and thus that the later purchasers would not be fairly and adequately represented.

■■ It is the opinion of this Court that the questions of fact subject to determination in this cause will be almost as numerous as the members of the plaintiffs' class and that there are potentially as many classes as depositors. This situation is caused by the fact that different representations have been made to every member of the class. Where there is an attempt to bring a class action based on an alleged 10(b)(5) violation, there must be a material misrepresentation which is com-

mon to the class. Jacobs v. Paul Hardeman, *supra*. It is clear from the pleadings that each individual defendant utilized a different advertisement which would be relevant only to claims made by its own customers. Thus, contrary to the contentions of the plaintiff, there are at least three major groupings within the class to whom varied representations have been made. Further, it is also clear from the pleadings that many, if not most, customers of these savings and loan associations open their accounts in person at the office of the association and are fully advised at that time of the various types of accounts offered, as well as the rules, regulations and terms pertaining to each type of account—including the rate and basis of computing interest. Many other individual depositors received the same information by phone or letter. Additionally, the passbook or certificate given to the depositor generally contains this information. Thus, information that was not contained in the plaintiffs' advertisements was in fact available and known to many depositors before funds were committed.[2] In each of these situations, there were different representations made by different individuals which would affect the materiality of the "misrepresentations".

█ It is the opinion of this Court that there are factual questions essential to the claim of each member of the class (as defined by plaintiff) which cannot be answered within the framework of a class action. This Court further believes that it would be impossible without a hearing on the claim of each individual member of the class to determine which depositors of defendant savings and loan associations are in fact members of the class. It would be necessary to determine (1) what type of account an individual had and whether it was subject to the claims raised by plaintiffs; (2) whether each alleged member of the class had, in fact, read the advertisements complained of and had been misled by any of the alleged misrepresentations contained therein; and (3) whether representations of the interest policy had been made to him orally or whether he had read a statement of the interest policy contained in his passbook or in the association's charter which would counter the advertisements complained of. Answers to all of the above questions are essential to determine whether there have been "material misrepresentations".

Because of the above factors, the question of whether or not there has been a material misrepresentation is not a question common to the class but rather is a question to be answered by each individual member of the class. Thus, as in the *Jacobs* case, the claims of the named plaintiffs are not typical of those of all depositors in Bell, Home or Uptown who are alleged to be members of the class, since individual factual situa-

2. The Court in Kohler v. Kohler Co., 319 F.2d 634 (7th Cir. 1963) ruled that defendants are obliged to disclose to plaintiffs only those material facts which are reasonably believed to be unknown to the plaintiff. In City National Bank of Fort Smith, Arkansas v. Vanderboom, 422 F.2d 221, 231 (8th Cir. 1970) the Court noted that the Seventh Circuit had held in *Kohler* that:

" . . . the failure of [defendant] to disclose material facts to the plaintiff will not lead to liability under 10b–5 where the plaintiff himself has the ability and opportunity to discover those facts easily."

Recent cases similar to the one at Bar have held that defendants are not required to say that which has been publicly proclaimed in several different ways on several different occasions. Johnson v. Wiggs, 443 F.2d 803 (5th Cir. 1971); Mitchell v. Texas Gulf Sulphur Co., 446 F.2d 90 (10th Cir. 1971), cert. denied, 404 U.S. 1004, 92 S.Ct. 564, 30 L.Ed.2d 558 (1971); Hafner v. Forest Laboratories, Inc., 345 F.2d 167 (2d Cir. 1965); Phillips v. Reynolds and Co., 294 F.Supp. 1249 (E.D.Pa.1969).

tions of each class member may vary significantly. In addition to the variance of claims as between named and unnamed plaintiffs, already two of the six named plaintiffs have presented a claim which is not typical of the original claim presented on behalf of the class.[3]

The Advisory Committee Notes to Rule 23 state:

" . . . [On] the other hand, although having some common core, a fraud case may be unsuited for treatment as a class action if there was material variation in the representations made or in the kinds or degrees of reliance by the persons to whom they were addressed."

In line with this position, courts have denied class actions in suits involving 10(b)(5) violations because of varying misrepresentations and the consequent absence of significant questions of fact common to all members of the putative class.[4]

It is this Court's opinion that the plaintiffs cannot maintain a class action because they have not met the requirements of Rule 23(a). Thus, this Court need not decide whether the plaintiffs in their quest for a class action have met the requirements of Rule 23(b) or whether reliance is still an essential element of 10(b)(5) action.

Accordingly, it is hereby ordered that defendants' motion to disallow the maintenance of the instant action as a class action is granted.

3. The discovery process elicited the fact that neither Abe nor Celia Brodsky had made any deposits after the 10th of the month. Further, despite advertisements which were allegedly misleading, both Abe and Celia admitted during a deposition that they knew the interest policy of Home Federal Savings and had never relied on the allegedly misleading advertisement. The Brodskys, *qua* named plaintiffs, seek to represent all persons misled by the Home advertisement. However, the facts as disclosed by depositions re-

veal that the Brodskys themselves are not members of the class which they seek to represent. These facts indicate not only that the Brodskys may encounter difficulty in successfully bringing this claim but also that the claims of individual named plaintiffs are not typical even among themselves.

4. Morris v. Burchard, 5 F.R.D. 530 (S.D. N.Y.1971) ; *Moscarelli v. Stamm*, 288 F. Supp. 453 (E.D.N.Y.1968).