Mrs. Hazel **GEORGE**, Individually and as Executrix of the Estate of Monroe J. George, Jr., Deceased, on behalf of herself and all others similarly situated,

v.

**UNITED FEDERAL SAVINGS AND LOAN ASSOCIATION.**

Civ. A. No. 18474.

United States District Court,
N. D. Georgia,
Atlanta Division.

June 26, 1974.

George H. Connell, Jr., of Long, Weinberg, Ansley & Wheeler, Atlanta, Ga., for plaintiff.

Irma B. Glover of Sams, Dozier & Glover, Marietta, Ga., for defendant.

## ORDER

EDENFIELD, Chief Judge.

In this suit plaintiff seeks money damages stemming from an alleged violation of 12 U.S.C. § 1464 by defendant. The alleged injury arises from illegal charges made in connection with credit life insurance allegedly purchased from the defendant by plaintiff's deceased husband. Jurisdiction is grounded in the general federal question statute, 28 U.S.C. § 1331. The plaintiff filed a motion for leave to maintain this suit as a class action and for leave to notice the class. In the course of presenting its opposition to the motion, the defendant suggested to the court that the jurisdictional amount in controversy required in a general federal question suit is lacking in this case. The court entered an order finding that (a) under the rule of Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), the members of the class in this action cannot be allowed to aggregate their damage claims in order to reach the jurisdictional amount and that (b) it appeared on the face of the complaint that the alleged damages of the individual plaintiff are insufficient to confer jurisdiction on this court. The case was set for a hearing to determine whether dismissal for want of jurisdiction was required. At that hearing plaintiff sought leave to amend her complaint, which leave was granted, and advanced further arguments on the issue of aggregation. At the conclusion of that hearing the court allowed both parties additional time to submit supplemental briefs. These briefs have now been received and this order will dispose of the pending motions.

The plaintiff persists in her contention that the members of the class

should be allowed to aggregate their damage claims in order to reach the requisite jurisdictional amount in controversy. Essentially two arguments are advanced in support of this contention. The first relies on the misconception that in its previous order the court regarded Alvarez v. Pan American Life Insurance Co., 375 F.2d 992 (5th Cir. 1967), as directly in point. In the previous order it was explicitly noted that "[a]lthough the court has been unable to find a case exactly in point those which are most closely analogous to the instant case indicate that aggregation will not be available to plaintiff in this case." Order of Feb. 20, 1974, p. 2. Despite plaintiff's able attempts to distinguish Alvarez the court still finds the analogy persuasive.

In her second argument plaintiff relies heavily on Berman v. Narragansett Racing Ass'n, 414 F.2d 311 (1st Cir. 1969). In Berman the owners of a racetrack had agreed to pay a certain percentage of the track's "take" to a class composed of all of the owners of those horses which won races. The horse owners contended that less than this percentage had actually been paid out. Thus adjudication of the defendant's liability in that case resulted in the creation of a fund which consisted of the amount of the "take" legally owed to the owners minus the amount which was actually paid. The creation of this common fund would require no adjudication of how much, if any, of the fund any individual horse owner was entitled to claim. The court analogized this case to "a shareholder's derivative action or a suit against a trustee in which the sum, if recovered, would be paid into a corporate treasury or trust estate for later proportional distribution." 414 F.2d 311, 315. In the case at bar there is no common fund whatsoever. The damages of each member of the class can be ascertained only by a computation based on each member's loan records. Before or after such individual computations there exists no fund of damages which the members of the class are entitled to share propertionately. For this reason the court is not persuaded that Berman provides a persuasive analogy to the case at bar.

■ After considering these two arguments advanced by the plaintiff in her supplemental brief the court remains convinced that its order of February 20, 1974 was correct in holding that the claims presented in this suit are separate rather than joint and the members of the plaintiff class cannot be allowed to aggregate their claims in order to reach the jurisdictional amount.

■ The conclusion that the plaintiffs cannot aggregate does not, however, result in the dismissal of this suit which was envisioned by the February 20, 1974 order. The original complaint revealed on its face that there was no possibility that the damages of the individually named plaintiff could total $10,000. However, in her First Amended Complaint filed April 9, 1974, the plaintiff has added a prayer for "$20,000.00, as punitive damages to deter defendant association from committing negligent abuse of its authority again." Punitive damages may be considered in determining whether the requisite amount in controversy is present. 1 Moore's Federal Practice, ¶ 0.93[4]. Thus the addition of a prayer for punitive damages in an amended complaint apparently confers jurisdiction on this court even if it was previously lacking. The plaintiff is reminded, however, that if at trial the plaintiff is finally adjudicated to be entitled to recover less than $10,000 this court will be authorized to impose costs on the plaintiff. 28 U.S.C. § 1331(b).

Once it has been determined that this court does have jurisdiction over this suit under 28 U.S.C. § 1331, it becomes necessary to proceed to a ruling on plaintiff's motion for leave to maintain this suit as a class action. At the outset the court would note that any ruling on

this motion "may be conditioned, and may be altered or amended before the decision on the merits." Rule 23(a) (1), Fed.R.Civ.P. For the reasons set forth below it will be necessary for the ruling on this motion to be such a conditional order.

Rule 23(a) sets forth four prerequisites for a class action. They will be discussed in the order in which they appear in the rule.

"(1) [T]he class is so numerous that joinder of all members is impracticable" —It is impossible at this time to finally determine whether this requirement is met by the proposed class in this suit. The original complaint made no effort to allege the size of the class. After initial discovery the motion for leave to maintain this suit as a class action was filed and at that time the class was alleged to number 2,063. After further discovery the size of the class had diminished to 175. While a class of 175 is clearly sufficient to survive any objection grounded in a lack of numerosity, it is by no means clear that the shrinkage of this class has come to an end. At present the plaintiff proposes to define the class as: those persons who stand in the relationship of mortgagor/mortgagee with defendant association and have credit life insurance premiums collected from them by defendant association. Unfortunately this definition is not legally sufficient. Earlier in this order the court held that the members of the class may not aggregate their damage claims in order to reach the requisite jurisdictional amount in controversy, but that the named plaintiff had sufficiently alleged that she had damages amounting to $10,000 to establish this court's

jurisdiction. The Supreme Court has recently ruled that the fact that the named plaintiff in a class action has alleged damages sufficient to reach the jurisdictional amount does not confer jurisdiction over unnamed plaintiffs who do not have a claim for the requisite amount of damages. Zahn v. International Paper Co., 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed. 2d 511 (1973). Thus the plaintiff class must be defined as: those persons who stand in the relationship of mortgagor/mortgagee with defendant association and who have credit life insurance premiums collected from them by defendant association *and* who claim $10,000 in damages from defendant association. Only further discovery will reveal how many of the 175 purported members of the class are encompassed within this definition.[1] Thus at this time lack of numerosity is not a sufficient objecton to maintenance of this suit as a class action but the court will retain the right to dismiss the class action aspects of this suit if at some future time it becomes clear that it would be practicable to join all the members of the class.

"(2) [T]here are questions of law or fact common to the class"—This prerequisite is clearly satisfied in this case. The legal question of the nature and extent of the duties owed by the defendant to its members in collecting insurance premiums from them is common to all members of the class.

"(3) [T]he claims or defenses of the representative parties are typical of the claims or defenses of the class"—From the complaint this prerequisite appears to be satisfied but this cannot be finally determined until further discovery re-

---

1. The likelihood that this requirement of a $10,000 damage claim from each member of the class will cause further shrinkage of the class is increased by the fact that the vast bulk of the damages claimed by the named plaintiff have accrued only because of the death of her husband, a circumstance which is unlikely to recur with any frequency in the class as a whole.

If it should become overly difficult to determine the identity of those purported members of the class who actually belong in the class, that fact alone may become justification for dismissal of the class action aspects of this suit. Winokur v. Bell Federal Sav. & Loan Ass'n, 58 F.R.D. 178, 181 (N. D.Ill.1972).

veals the identity of the unnamed members of the class.

"(4) [T]he representative parties will fairly and adequately protect the interests of the class"—No contention has been raised that this prerequisite is not satisfied.

If the four prerequisites of Rule 23(a) are satisfied a suit then may be *maintained as a class action only if it* falls within one of three categories set forth in Rule 23(b).

■ Rule 23(b)(1)(A) is intended to protect the interests of the party opposing the class. Neither party has contended that this suit falls within this category.

■ Rule 23(b)(1)(B) provides that an action may be maintained as a class action if "the prosecution of separate actions by or against individual members of the class would create a risk of . . . (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests". Plaintiff maintains that this action falls within the ambit of Rule 23(b)(1)(B) because "[d]ifferent adjudications of the standard of care owed by defendant association to the individual class members in the maintenance of accurate records would obviously impair the cases of all other class members." The court does not find this reasoning persuasive. If the proposition advanced by the plaintiff were to be accepted, then any suit brought under a statute or regulation imposing a duty on the opposite party would be appropriate for class action if the final determination of liability would hinge on a prior determination of the standard of care imposed on the defendant by the statute or regulation. The class action was not devised for such broad use. In a case in which the

defendant's liability is limited to a specific fund which could potentially be exhausted by some members of the class recovering on a first-come, first-served basis and leaving other members of the class with no prospect of recovery, the class action is an appropriate device. C. Wright & A. Miller, 7A Federal Practice and Procedure, Civil § 1774, at n.3 (1972). In this case, however, each member of the class has a separate claim for damages and the size of any one recovery by a member of the class will not limit the recovery obtainable by any other member of the class. The court finds that this suit cannot be maintained as a class action under Rule 23(b)(1)(B).

■ It is conceded that Rule 23(b)(2) is not applicable to this case. Thus if this suit is to be maintained as a class action it must fall within the provisions of Rule 23(b)(3), which provides in part, "An action may be maintained as a class action if . . . (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." After a review of the record it appears to the court that this case is not yet ripe for a final determination of whether this suit can be maintained as a class action under Rule 23(b)(3). The major source of the remaining uncertainty is the fact that it is still far from clear how numerous the class is or how similar are their situations.[2] Although the court can think of no other legal remedy which would provide a superior forum for a fair and efficient adjudication of this controversy, it is far from clear that common questions of fact or law will actually predominate in this litigation. The court can envision three possible paths that this litigation may follow. The simplest is that the defendant

2. *See* text at n. 1, *supra.*

will be held to have violated no legal duty owed to the plaintiff class. In this situation the common questions of law and fact would clearly predominate. The next most complicated result is that the issue of liability will be decided in favor of the class and the damages of each individual plaintiff could be computed by the application of some relatively simple mechanical formula. Although this would present a closer case it could still be argued that the common issues predominate. If, however, resolution of the legal issue in favor of the class would require separate litigation of each individual plaintiff's damage claim, then the justification for this suit proceeding as a class action would clearly have evaporated. Given this continued uncertainty the court will allow this suit to be maintained as a class action for the time being but will explicitly retain the power to alter or amend this order at any time prior to decision on the merits.

The plaintiff has also moved for permission to notice the class. Permission to notice the class is granted subject to compliance with Local Rule 221.2 and subject to such initial notice being designed at least in part to determine how many of the purported members of the class actually claim $10,000 in individual damages and thus are, in fact, proper members of the class.

The plaintiff has also requested that the defendant be ordered to bear the costs of notice. Although this motion may well have had merit when filed, it is now settled that the named plaintiff must bear the burden of the initial costs for notice to the members of the class. Eisen v. Carlisle & Jacquelin, —— U.S. ——, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). The motion to shift the costs of notice to the defendant is denied.

In summary:

The court finds that the claims presented in this suit are separate rather than joint and that the members of the class cannot be allowed to aggregate their claims in order to reach the required jurisdictional amount in controversy.

The court further finds that despite this determination the court does have jurisdiction of this suit under 28 U.S.C. § 1331 by virtue of the plaintiff's amended complaint in which a prayer is added for $20,000 in punitive damages.

The court finds that this suit cannot be maintained as a Rule 23(b)(1) or (2) class action.

It is hereby ordered that this suit may be maintained as a Rule 23(b)(3) class action. The continued effect of this order is conditioned on the representative of the class taking prompt measures to ascertain how many, if any, of the purported members of the class actually claim damages amounting to the requisite jurisdictional amount in controversy.

The Clerk of the Court is directed to resubmit this case to the court on the 60th day after entry of this order for a redetermination of the appropriateness of continued maintenance of this suit as a class action.

Permission to notice the class is granted subject to the conditions set forth above.

The motion to impose costs for notice to the class on the defendant is denied.