Theodore **HAFNER**, Plaintiff-Appellant,

v.

**FOREST LABORATORIES, INC.,** Hans
Lowey and Bonded Laboratories, Inc.,
Defendants-Appellees.

No. 410, Docket 29444.

United States Court of Appeals
Second Circuit.

Argued March 31, 1965.

Decided May 5, 1965.

Arnold R. Rosenwasser and Harry
Price, New York City, on the brief, for
plaintiff-appellant, Dean, Fairbank &
Hirsch, Arthur B. Colvin, New York
City, of counsel.

Edward L. Sadowsky, New York City
(Bernard H. Goldstein, Tenzer, Green-
blatt, Fallon & Kaplan, New York City),
for defendants-appellees.

Before LUMBARD, Chief Judge, and
SWAN and KAUFMAN, Circuit Judges.

LUMBARD, Chief Judge:

Theodore Hafner appeals from a judg-
ment on the pleadings in favor of the
defendant, Forest Laboratories, Inc., in
an action brought in the Southern Dis-
trict of New York. Hafner's complaint
purports to state a cause of action for
rescission and damages under § 10(b) of
the Securities Exchange Act of 1934, 15
U.S.C. § 78j(b),[1] and the question pre-

---

1. "§ 78j. Manipulative and deceptive de-
vices

"It shall be unlawful for any person,
directly or indirectly, by the use of any
means or instrumentality of interstate
commerce or of the mails, or of any fa-
cility of any national securities ex-
change—

\*   \*   \*   \*   \*

"(b) To use or employ, in connection
with the purchase or sale of any se-
curity registered on a national securi-
ties exchange or any security not so
registered, any manipulative or decep-
tive device or contrivance in contraven-
tion of such rules and regulations as

sented is whether Judge Levet was correct in holding that it fails to do so.

Forest agreed in 1960 to issue 6,000 shares of its stock to Hafner in payment for legal services. Hafner in return agreed to hold the shares for investment and to sell them only with Forest's permission. The latter obligation was subject to one qualification: By giving written notice between April 1 and May 1, 1961, Hafner could call on Forest to "make its best efforts" to qualify the shares under the Securities Act of 1933 for sale to the public. If Hafner did so, Forest was required either to qualify the shares or to purchase them for $1.75 a share; and if the shares were qualified, Forest guaranteed that Hafner would receive at least $1.75 a share when he sold them to the public.

After Hafner received the shares he wrote Forest on April 28, 1961, asking it to repurchase them "for $10,750, as provided under our agreement." (The reference to $10,750 rather than $10,-500 apparently was inadvertent.) Forest replied to this request on May 1: It stated that it wished to have until May 15 to repurchase the stock, and it enclosed $5,000 "on account." It paid the balance, $5,500, on May 12.

Forest's wrongdoing, according to Hafner's complaint, consisted of failing to disclose two material facts: First, Hafner alleges that Forest refused to give him the current market price of its stock when he requested it on May 2, 1961. Second, he alleges that it failed to inform him of an impending 4 per cent stock dividend, notice of which apparently was mailed to shareholders on May 22. Judge Levet held that these allegations failed to state a cause of action under § 10(b). In his view, there was no duty to disclose the current market quotation since the information was equally available to both parties and no fiduciary relationship existed between them; and declaration of a stock dividend is not a material fact

since it leaves each shareholder with precisely the same interest in the corporation as before.

■ We agree with Judge Levet's ultimate conclusion that no cause of action under § 10(b) is stated, and, subject to a qualification noted below, we also concur in his reasoning. So far as the failure to disclose the current market price is concerned, we regard two facts as dispositive. The first is that Hafner alleges only non-disclosure and not that Forest misrepresented the market price; Hafner thus was not misled. The second is that, as Hafner notes in his complaint, current price information on Forest stock was available to the public in the National Daily Quotation Sheets. We do not think that these allegations show a breach of any duty imposed by § 10(b).

■ With respect to the impending stock dividend, Judge Levet relied principally on the fact that such dividends have no intrinsic value, which is of course true. It also is true, however, that the market may in some instances place value on them. If the transaction had been initiated by Forest or if Forest had bargained as to the terms of the repurchase, there might be a question whether Hafner's allegations would raise issues not amenable to disposition on the pleadings. But Forest's role in the transaction was entirely passive: The first communication was from Hafner, and, apart from his apparently inadvertent reference to $10,750, his initial terms were accepted without question. We do not think that under these circumstances Forest was required to disclose a 4 per cent stock dividend to him before announcing it to the other shareholders.

We have considered the appellant's other contentions and find them to be without merit.

The judgment of the district court is affirmed.

---

the Commission may prescribe as necessary or appropriate in the public in-

terest or for the protection of investors."