Max ROBB, as Trustee of the Estate of Botany Industries, Inc., Bankrupt, Plaintiff-Appellee,

v.

NEW YORK JOINT BOARD, AMALGA-MATED CLOTHING WORKERS OF AMERICA, Defendant-Appellant.

Cal. No. 295, Docket 74–1688.

United States Court of Appeals, Second Circuit.

Argued Oct. 22, 1974.

Decided Dec. 3, 1974.

Irving J. Alter, New York City (Szold, Brandwen, Meyers & Altman, Jacob Sheinkman, Arthur M. Goldberg, New York City, of counsel), for defendant-appellant.

Alan B. Miller, New York City (Weil, Gotshal & Manges, Mark A. Jacoby, Robert A. Weiner, New York City, of counsel), for plaintiff-appellee.

Before MOORE, OAKES and TIMBERS, Circuit Judges.

PER CURIAM:

This case is presently before the court on the motion of the appellee Trustee to dismiss the appeal as moot. A brief summary of the facts is in order.

In 1966, the appellant New York Joint Board, Amalgamated Clothing Workers of America ("Joint Board"), entered into a collective bargaining agreement with Levinsohn Bros. & Co., Inc. ("Levinsohn"), a wholly-owned subsidiary of Botany Industries, Inc. ("Botany"). Based upon a report that Botany was intending to close down Levinsohn, in December 1970 the Joint Board sought arbitration and eventually received a favorable award in the nature of a declaratory judgment which detailed the parties' rights and obligations under the terms of the collective bargaining agreement. Thereafter, Botany brought an action in the district court to vacate the arbitration award, and the Joint Board cross-moved for enforcement. The case was pending before the district court for nearly three years, and during this period Botany, together with its subsidiaries, filed a petition for an arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C. § 701 et seq. (1970). On April 12, 1974 the district court rendered its decision, holding that the collective bargaining agreement was a "hot cargo" agreement in violation of section 8(e) of the National Labor Relations Act, 29 U.S.C. § 158(e) (1970), and therefore vacating the arbitrator's award. Botany Industries, Inc. v. New York Joint Board, 375 F.Supp. 485 (S.D. N.Y.1974). The Joint Board subsequently brought the appeal which is the subject of this motion.

The parties concede that the bankruptcy of Botany and the proceedings before the bankruptcy court in the Eastern District of Pennsylvania have made the arbitrator's award unenforceable, both legally and practically. Nevertheless, the Joint Board insists that the appeal is not moot because the Joint Board has filed proof of claim for damages with the Trustee, alleging breach of the collective bargaining agreement. The decision of the district court, if allowed to stand unreviewed, will, in the view of the Joint Board, be given res judicata effect before the bankruptcy court, thereby foreclosing the claim for damages. In essence, the argument is that we must hear this appeal in order to avoid prejudicing the Joint Board in the bankruptcy proceedings.

The contention of the Joint Board does not rescue this case from mootness. The arbitration award can no longer be enforced. The sole remaining controversy between the parties is a claim for damages which was not before the district court. Given the course of developments with respect to Botany and Levinsohn, the damage claim is now a matter for the consideration by the bankruptcy court. We agree with the Joint Board, however, that the unreviewed decision of the district court should not have a binding effect before the bankruptcy court. This result can be avoided by vacation of the judgment of the district court. See United States v. Munsingwear, 340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 36 (1950); Wirtz v. Local 410, 366 F.2d 438, 442 (2d Cir. 1966).

Accordingly, the judgment of the district court is vacated and the case remanded with instructions to dismiss it as moot.[1]

---

1. We consider it neither necessary nor desirable to direct the district court to vacate the arbitration award. The arbitrator apparently did not consider the issue of the illegality of the collective bargaining contract as a "hot cargo" agreement. See 375 F.Supp. at 488 n. 3. Thus, vacating the decision of the district court will not have the effect of reinstating a directly contrary decision of the arbitrator. And since arbitration was the dispute-settling mechanism agreed upon by the parties, the decision of the arbitrator, insofar as it interprets the contract and details the rights and obligations of the parties, seems entitled to some consideration. In adjudicating the validity of the Joint Board's claim for damages, therefore, the bankruptcy court should give the arbitration award such weight as may be appropriate under the circumstances.