524 F.2d 289
 Joseph LUNZ, Plaintiff-Appellee,
v.
Peter PREISER, Commissioner of Department of Correctional
Services, and Jerome W. Patterson, Superintendent,
Eastern New York Correctional Facility,
Defendants-Appellants.
 No. 125, Docket 75-2059.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 24, 1975.
Decided Oct. 14, 1975.
 
 Leslie A. Blau, New York City, for plaintiff-appellee.
 Ralph L. McMurry, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen. of the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen. of the State of New York, New York City, on the brief), for defendants-appellants.
 Before LUMBARD, MULLIGAN and Van GRAAFEILAND, Circuit Judges.
 PER CURIAM:
 
 
 1
 The issues that were raised originally on this appeal have been resolved by the parties' apparent satisfaction with subsequent events. Thus no controversy remains for us to adjudicate and we remand to the district court with instructions to dismiss the case as moot.
 
 
 2
 Appellee Joseph Lunz is presently in the custody of the New York State Department of Correctional Services, serving a 20-year-to-life sentence for second degree murder. He commenced this action pro se against New York State prison officials to obtain a declaratory judgment that his transfer from Eastern New York Correctional Facility to Auburn Correctional Facility was illegal and unconstitutional because not preceded by a hearing and to secure his return to Eastern. Lunz complained that he desired to be at Eastern so that he could take advantage of the vocational plumbing school located there and that the Auburn facility had no such school.
 
 
 3
 Answers to Lunz's complaint were due on February 24, 1975 from appellant Preiser and on February 25 from appellant Patterson. On February 18, 1975 Lunz applied for an entry of default which was made returnable February 24. By March 4, 1975 appellants had made no appearance and Judge Wyatt entered a default judgment against them. The judgment directed the prison officials (1) to cause Lunz to be transferred from Auburn, a maximum-security institution to Eastern, a medium-security institution; (2) to enroll Lunz in the vocational plumbing school at Eastern; and (3) to cause the reasons, if any, given in Lunz's prison records for his earlier transfer from Eastern to be expunged. The prison officials took this appeal from Judge Wyatt's denial of their motion to set aside the default judgment. Judge Wyatt has stayed his order pending the outcome of this appeal.
 
 
 4
 Since that time, Lunz has been transferred to the Clinton Correctional Facility, a maximum-security prison, where he enrolled in a plumbing course. While the transfer to a maximum-security rather than a medium-security institution might ordinarily be enough of a deviation from the district court's order to keep the controversy alive, cf. Preiser v. Newkirk, --- U.S. ---, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975), appellee's counsel advised us at oral argument that Lunz no longer wants to return to Eastern. Moreover, Lunz's counsel advised us that he and his client see nothing injurious in the prison records and do not pursue the claim for expungement. We therefore find that appellee has voluntarily abandoned his claims for transfer to Eastern and expungement of the reason for his initial transfer.
 
 
 5
 Appellee is apparently satisfied with his present location and conditions of incarceration. Appellants certainly cannot complain if the appellee remains in the very status in which they have placed him. The controversy that must remain alive throughout the course of appellate review if there is to be a justiciable dispute is lacking here. Accordingly, we need not consider appellants' claim that the district court abused its discretion in denying their motion to set aside the default which resulted from their failure to file a timely answer to Lunz's complaint. The proper disposition in such a case is to vacate the judgment of the district court and remand with instructions to dismiss the case as moot. Board of Regents of the University of Texas System v. New Left Education Project, et al., 414 U.S. 807, 94 S.Ct. 118, 38 L.Ed.2d 43 (1973); Robb v. New York Joint Board, Amalgamated Clothing Workers of America, 506 F.2d 1246 (2d Cir. 1974); Wirtz v. Local Unions 410, 410A, 410B & 410C, International Union of Operating Engineers, 366 F.2d 438 (2d Cir. 1966).
 
 
 6
 Vacated and remanded.