**Frank E. FORRESTER, Plaintiff,**

v.

**U. S. GOVERNMENT and John Klossner, Deputy Director Office of Domestic Gold and Silver, Defendants.**

**No. 74 Civ. 3344 (HFW).**

United States District Court,
S. D. New York.

Oct. 13, 1977.

## OPINION

**WERKER, District Judge.**

On August 2, 1974, plaintiff *pro se* commenced this action for declaratory and injunctive relief against the United States and the Deputy Director of the Office of Domestic Gold and Silver Operations ("ODGSO"), which is a branch of the Treasury Department. Plaintiff alleged that under the then applicable gold regulations [1] ODGSO unlawfully prevented him from establishing a foreign gold trust in which his clients would acquire beneficial interests. However, the restriction against gold ownership by United States citizens has since been repealed.[2] For this reason, defendants, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, have moved to dismiss this action as moot. To the extent that plaintiff seeks money damages by amendment of his complaint, defendants have also moved to dismiss the action under the applicable provisions of the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*[3]

## DISCUSSION

At the very heart of our federal judicial system is the constitutional requirement that federal courts only consider matters involving a "case or controversy." *Muskrat v. United States*, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246 (1911); *Hayburn's Case*, 2 U.S. (2 Dall) 408, 1 L.Ed. 436 (1792). This plainly precludes consideration of a matter which has become moot because it no longer "touch[es] the legal relations of parties having adverse legal interests." *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937); *accord, St. Pierre v. United States*, 319 U.S. 41, 42, 63 S.Ct. 910, 87 L.Ed. 1199 (1943) (*per curiam*); *Defunis v. Odegaard*, 416 U.S. 312, 316, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974); *see Powell v. McCor-*

*mack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

In the case at bar, plaintiff's interests ceased to be adverse to those of the defendants when the regulation which made plaintiff's trust questionable in the first instance was repealed. Since plaintiff may now establish his trust without governmental interference, there is no longer any controversy present for the court to resolve and plaintiff's complaint can be dismissed—at least insofar as declaratory relief is sought. *See Krause v. Sacramento Inn*, 479 F.2d 988, 990 (9th Cir. 1973) (invalidation of statute on constitutional grounds rendered controversy moot); *cf. Steffel v. Thompson*, 415 U.S. 452, 459 n. 10, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) (controversy must exist at all stages of the litigation); *Lunz v. Preiser*, 524 F.2d 289, 290 (2d Cir. 1975) (same).

But injunctive relief is also unnecessary. Although an injunction may at times be granted even after the allegedly illegal conduct has ceased, the party seeking such relief bears the burden of proving that there is some "danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *United States v. W. T. Grant Co.*, 345 U.S. 629, 633, 73 S.Ct. 894, 898, 97 L.Ed. 1303 (1933). Where the actions considered to be illegal are those of the government, the plaintiff must also prove that the likelihood of a recurrence is "coupled with a certainty that the impact will fall on the same objecting litigants." *Committee to Free Fort Dix 38 v. Collins*, 429 F.2d 807, 812 (3rd Cir. 1970); *accord, State Highway Commission v. Volpe*, 479 F.2d 1099, 1106 (8th Cir. 1973).

Although repeal of the gold ownership prohibition does not categorically preclude reenactment of a similar regulation,

---

1. 31 C.F.R. Part 54 (1974).

2. 40 Fed.Reg. 16,844 (1975).

3. On June 20, 1977, plaintiff filed a "Motion for Trial to Proceed" in which he alleged for the first time that defendants' actions damaged him in the amount of $60,000. That "motion"

was denied the very same day. Thereafter, on July 1, 1977, plaintiff filed a motion to amend his complaint to seek "economic payment in tort" of $15,000, plus an additional $45,000 in punitive damages. Plaintiff's motion to amend his complaint has been considered herein.

plaintiff has not established that this is at all likely. There is also no reason to believe that he would be affected by any reinstatement of the regulation barring ownership of gold in the absence of some showing that he would, in fact, seek to establish a gold trust. Under these circumstances, plaintiff's prayer for equitable relief will not serve to keep his action alive.

■ While plaintiff has also moved to amend his complaint to seek "economic payment in tort" this motion must be denied inasmuch as the amendment proposed advances a claim legally insufficient on its face. C. Wright & A. Miller, Federal Practice & Procedure, § 1487, at 432–33 (1971). The Court notes in this regard that the United States, as sovereign, is immune from suit in the absence of consent. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Melo v. United States*, 505 F.2d 1026, 1028 (8th Cir. 1974); *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972). Although the United States has abrogated some of its immunity by enacting the Federal Tort Claims Act, it has not consented to be sued on claims arising out of misrepresentation, deceit or interference with contract rights, or those seeking damages caused by the fiscal operations of the Treasury or by the regulation of the monetary system. 28 U.S.C. § 2680(h)(i). It is clear that plaintiff's proposed amendment falls within one of these categories, no matter how liberally it is construed. For this reason, even if the motion to amend the complaint were granted, the Court would still be without jurisdiction to act.

Plaintiff's motion to amend his complaint is therefore denied. As has been noted earlier, however, defendants' motion to dismiss the complaint is granted.

SO ORDERED.