**Jo V. SEIBERT, Plaintiff-Appellant,**

v.

**SPERRY RAND CORPORATION and James D. Finley, Defendants-Appellees.**

**No. 1155, Docket 78–7186.**

United States Court of Appeals, Second Circuit.

Argued June 23, 1978.

Decided Oct. 31, 1978.

Richard A. Ash, Philadelphia, Pa. (Kass, Goodkind, Wechsler & Gerstein, New York City, of counsel), for appellant.

Edward C. McLean, Jr., New York City (Chadbourne, Parke, Whiteside & Wolff, New York City, Edwin D. Scott and Daniel J. Greenwald, III, New York City, of counsel), for appellees.

Before MOORE and VAN GRAAFEILAND, Circuit Judges, and ZAMPANO, District Judge.*

VAN GRAAFEILAND, Circuit Judge:

On June 24, 1977, Sperry Rand management proposed a slate of eleven candidates for election to the corporation's board at the July 1977 annual meeting. All of the candidates were incumbents, and together they had a total of sixty-four years of prior service as Sperry directors. All of them were also officers or directors of at least one other company, several serving on at least six different corporate boards. The slate as a whole had outside affiliations with at least forty companies. All of the foregoing information was contained in the proxy statements that Sperry sent to its shareholders.

One of management's candidates, appellee Finley, had been on the Sperry board since 1970. He was a director of five outside companies, including J. P. Stevens and Co., Inc., where he was Chairman of the Board and Chief Executive Officer. Plaintiff, a Sperry shareholder, sued to set aside Finley's election on the ground that Finley's biographical résumé failed to include any information concerning labor disputes in which J. P. Stevens had been involved. Plaintiff contends that the omission of this material violated section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a), and Rule 14a–9(a) of the Commission, 17 C.F.R. § 240.14a–9(a). Rule 14a–9(a) prohibits solicitation by a proxy statement that is false or misleading with respect to a material fact or which omits to

* Honorable Robert C. Zampano of the United States District Court for the District of Connecticut, sitting by designation.

state a material fact needed to make other statements therein not false or misleading. The district court, finding that reasonable minds could not differ on the conclusion that the omissions complained of were not of material facts within the meaning of *TSC Industries, Inc. v. Northway, Inc.,* 426 U.S. 438, 96 S.Ct. 2126, 48 L.Ed.2d 757 (1976), and that there were no material issues of fact to be resolved, granted defendants' motion for summary judgment and dismissed the complaint.

■ Plaintiff's appeal from that order was argued in June 1978, one month before the expiration of Finley's one-year term of office. Since then, another election has been held. Although the question of mootness was not an issue at the time of argument, it must now be considered. To avoid mootness, the controversy between the parties must remain alive up to the final moment of appellate disposition. *Lunz v. Preiser,* 524 F.2d 289, 290 (2d Cir. 1975). Moreover, because mootness is a jurisdictional question, this Court must consider it, even though it has not been raised by one of the parties. *North Carolina v. Rice,* 404 U.S. 244, 245–46, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971).

■ The factual situation in the instant case is similar to the one which existed in *Browning Debenture Holders' Committee v. DASA Corp.,* 524 F.2d 811 (2d Cir. 1975). There, as here, plaintiffs alleged that defendant's shareholders' meeting had been conducted illegally because of misleading proxy statements. Because the directors elected at the disputed meeting had completed their terms and had been reelected prior to trial, the issues involving the legality of the meeting were held to be moot. In *Browning,* however, plaintiffs sought only declaratory relief, and the Court carefully distinguished between declaratory and injunctive relief, pointing out that the latter applies significant sanctions and therefore deters future improper conduct. Here, plaintiff seeks an injunction restraining Finley "from sitting on the Sperry Board unless and until he shall be elected thereto pursuant to a proper and lawful shareholder vote." Had the district judge decided that plaintiff was entitled to injunctive relief, he might well have issued an order applicable to future, as well as past, elections. A suit for an injunction seeks not only to eliminate the effect of past wrongdoing, but also to prevent its recurrence. *United States v. W. T. Grant Co.,* 345 U.S. 629, 632–33, 73 S.Ct. 894, 97 L.Ed. 1303 (1953); *Swift & Co. v. United States,* 276 U.S. 311, 326, 48 S.Ct. 311, 72 L.Ed. 587 (1928). The district court has a wide range of discretion in framing its decree to afford complete relief. *See United States v. Crescent Amusement Co.,* 323 U.S. 173, 185, 65 S.Ct. 254, 89 L.Ed. 160 (1944). We conclude, therefore, that the dispute between the parties is not moot and proceed to a consideration of the merits.

Plaintiff did not contend in the district court that Stevens' labor problems or Finley's presence on Sperry's board had had any adverse effect on Sperry's business.[1] The district judge found that plaintiff presented no support, other than speculation, for her contention that Stevens' activities attributable to Finley would have an adverse effect in the future. Citing *Prettner v. Aston,* 339 F.Supp. 273, 291–92 (D.Del.1972), he held that plaintiff's claim of proxy irregularities could not be based upon mere speculation. The district judge felt that, if Sperry's proxy solicitations contained information of the sort demanded by plaintiff concerning every outside corporation with which Sperry's candidates were affiliated, the solicitations would swamp shareholders in an "avalanche of trivial information—a result that is hardly conducive to informed decisionmaking." *TSC Industries, Inc. v. Northway, Inc., supra,* 426 U.S. at 448–49, 96 S.Ct. at 2132.

■ Plaintiff's affidavits in opposition to defendants' summary judgment motion contain no allegations that Finley was disqualified per se from serving as a Sperry director. *See Missouri Portland Cement Co. v. H. K. Porter and Co.,* 406 F.Supp. 984,

---

1. Between 1970 and 1977, Sperry's net income, earnings, and dividends more than doubled.

991 (E.D.Mo.1975), *aff'd,* 535 F.2d 388 (8th Cir. 1976); *Lyman v. Standard Brands, Inc.,* 364 F.Supp. 794, 797–98 (E.D.Pa.1973); *cf. SEC v. Kalvex Inc.,* 425 F.Supp. 310, 315 (S.D.N.Y.1975); *Robinson v. Penn Central Co.,* 336 F.Supp. 655, 658 (E.D.Pa.1971). Moreover, no charge is made that Finley has played an improper role in Sperry's labor negotiations or that he has deviated in any manner from his duty of unswerving loyalty to the best interests of Sperry. The gravamen of plaintiff's claim is simply that Finley's relationship with Stevens will result in injury to Sperry's corporate image and business. Despite the fact that Stevens' labor troubles have persisted since 1963, this has admittedly not yet occurred. Sperry's failure to discuss the speculative possibility that adverse effects might occur in the future does not fit readily, therefore, within the concept of a materially misleading omission.

■■■ Sperry's lack of discussion must be viewed in the light of the fact that Stevens' labor difficulties were matters of general public knowledge. Affidavits submitted by both parties show that these difficulties were reported countrywide in the press and on radio and television, were discussed in Congress, and were analyzed in published administrative and judicial opinions; that a nationwide consumer boycott was being conducted against Stevens, accompanied by massive media advertising.[2] Clearly, all this was information already in the public domain. *Johnson v. Wiggs,* 443 F.2d 803, 806 (5th Cir. 1971); *see SEC v. Bausch & Lomb, Inc.,* 565 F.2d 8, 17 (2d Cir. 1977). Although the underlying philosophy of federal securities regulations is that of full disclosure, *Kennecott Copper Corp. v. Curtiss-Wright Corp.,* 584 F.2d 1195, 1199 (2d Cir. 1978), "there is no duty to disclose information to one who reasonably should

already be aware of it." *Myzel v. Fields,* 386 F.2d 718, 736 (8th Cir. 1967), *cert. denied,* 390 U.S. 951, 88 S.Ct. 1043, 19 L.Ed.2d 1143 (1968); *see Missouri Portland Cement Co. v. Cargill, Inc.,* 498 F.2d 851, 873 (2d Cir.), *cert. denied,* 419 U.S. 883, 95 S.Ct. 150, 42 L.Ed.2d 123 (1974). A party's "reasonable belief that the other party already has access to the facts should excuse him from new disclosures which reasonably appear to be repetitive." *Frigitemp Corp. v. Financial Dynamics Fund, Inc.,* 524 F.2d 275, 282 (2d Cir. 1975). Likewise, where information is equally available to both parties, a defendant should not be held liable to the plaintiff under the securities laws for failure to disclose. *Hafner v. Forest Laboratories, Inc.,* 345 F.2d 167, 168 (2d Cir. 1965); *Walpert v. Bart,* 280 F.Supp. 1006, 1015 (D.Md.1967), *aff'd,* 390 F.2d 877 (4th Cir. 1968). As the district court held, any reasonable shareholder who was not already familiar with Stevens' labor problems had this information readily available to him.

The essential facts were not in dispute. We agree with the district court that reasonable minds could not differ as to the immateriality of the omissions.[3] Because remand would lead only to a purposeless and expensive trial, *see Williams v. McAllister Bros. Inc.,* 534 F.2d 19, 21 (2d Cir. 1976); *United States v. Matheson,* 532 F.2d 809, 813 (2d Cir.), *cert. denied,* 429 U.S. 823, 97 S.Ct. 75, 50 L.Ed.2d 185 (1976); *Steinberg v. Carey,* 439 F.Supp. 1233, 1241–42 (S.D.N.Y. 1977), the order appealed from is affirmed.

---

2. In *NLRB v. J. P. Stevens & Co.,* 563 F.2d 8, 13 (2d Cir. 1977), we referred to Stevens as a "notorious" violator of the labor laws. This was not a careless choice of words. "Notorious" means "being or constituting something commonly known" or "well known". Webster's Third New International Dictionary 1545 (1971).

3. Because the alleged omissions were not materially misleading, plaintiff cannot create a cause of action by alleging that Sperry's board did not give proper consideration to the omitted facts before recommending Finley's reelection. Undoubtedly, there were numerous immaterial facts which the board did not consider before making its recommendation.