Edwin L. SCHULMAN, Plaintiff,

v.

Steve WEIL and Micro-Therapeutics, Inc., Defendants.

No. 77 Civ. 1902.

United States District Court, S. D. New York.

March 8, 1979.

Louis Kipnis, New York City, for plaintiff.

Wofsey, Certilman, Haft & Lebow, New York City, for defendant Steve Weil; Evan Gordon, New York City, of counsel.

Bandler & Kass, New York City, for defendant Micro-Therapeutics, Inc.; William C. Sherr, New York City, of counsel.

## OPINION

SWEET, District Judge.

Plaintiff Edwin L. Schulman ("Schulman") brought this action to recover money damages from defendants Steve Weil ("Weil") and Micro-Therapeutics, Inc. ("Micro") for damages allegedly sustained in connection with plaintiff's purchase of 3,500 shares of Micro stock in the late summer and early fall of 1972. According to Schulman, Weil made material misrepresentations and also failed to disclose materially adverse information about Micro, all in violation of Section 10(b) of the Securities

Exchange Act of 1934, as amended, ("The Act") and Rule 10b–5. Schulman asserts that Micro is liable to him, apparently on the basis of an agency theory or as an aider and abettor.

Schulman is a fur manufacturer who holds a Bachelor of Arts degree, and has previously utilized the stock market as an investment vehicle—among the stocks he has purchased are National Student Marketing and Dunkin Donuts.

Micro is a Delaware corporation. The products which it has sold or envisioned selling include an ear wax removal preparation, a foot and body lotion, a preparation for the treatment of bedsores and skin ulcers, creams to stimulate hair growth, and a shampoo to control hair fallout. Weil became associated with Micro in the summer of 1970, when he met with Dr. Edward Settel, Micro's president, entered into a consulting agreement with Micro,[1] and subsequently purchased 60,000 shares[2] for one cent per share in 1970 (constituting 19.4% of Micro's stock at the time).

During the summer of 1972, Schulman met Weil at the Connecticut vacation home of Robin Leach ("Leach"). A conversation ensued thereafter between Weil and Leach relating to a proposal involving Micro and a publication owned by Leach. During the course of that conversation Schulman entered the conversation, and discussed with Weil the feasibility of Schulman's fur business going public. At this point, Weil testified, Schulman picked up and read a Micro prospectus which Weil had intended to show Leach. Schulman testified that he saw no prospectus on that or any other occasion.[3]

Subsequent to their initial meeting, Weil and Schulman had additional conversations. Weil informed Schulman that Schulman could make a "lot of money" by purchasing Micro stock, that the stock would be a good buy, and that it was some-

---

1. Weil was a financial consultant and business broker.

2. This figure does not include shares underlying options.

3. The court has concluded that resolution of the factual issue regarding the prospectus is unnecessary to its determination of the case. If, however, Schulman did read the prospectus his claims would certainly be without merit.

thing that he could "put away for his children." Schulman added that American Home Products was interested in purchasing Micro, and that Weil himself was contemplating a proxy fight in order to oust Micro's president. At no point did Weil mention to Schulman that the June 22, 1972 Micro prospectus indicated that the stock offering involved a high degree of risk, and that micro had significant financial problems.

After discussing the Micro stock with Weil, Schulman spoke with his broker at Goldman, Sachs & Co., who advised him not to purchase the stock. Schulman asked the broker for a Micro prospectus, but was informed that none was readily available. Notwithstanding this, Schulman went ahead and purchased 3,500 shares of Micro stock.

In 1976 the value of Schulman's stock took a precipitous decline, and Schulman received a telephone call from the Securities Exchange Commission ("SEC") requesting information about his purchase of the Micro stock. There were conversations between Weil and Schulman concerning this inquiry, the substance of which are in contention and are unnecessary to a determination of this action.

Under these facts, Schulman has failed to show the requisite degree of scienter on the part of Weil. The Supreme Court, in *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976), referred to scienter as "a mental state embracing intent to deceive, manipulate, or defraud." *Id.* at 194, n.12, 96 S.Ct. at 1381 n.12. That Court subsequently indicated that "§ 10(b) was intended to proscribe knowing or intentional misconduct." *Id.* at 197, 96 S.Ct. at 1383 (citation omitted). Proof of scienter has long been required in this circuit as a prerequisite to maintaining a § 10(b) action. *See, e. g., Lanza v. Drexel & Co.*, 479 F.2d 1277 (2d Cir. 1973) (en banc); *Harkavy v. Apparel Industries, Inc.*, 571 F.2d 737 (2d Cir. 1978).

■■■ The Court of Appeals for this circuit has held that recklessness, at least in certain circumstances, satisfies the scienter requirement. *Rolf v. Blyth, Eastman Dillon & Co., Inc.*, 570 F.2d 38, 44 (2d Cir. 1978). However, that court has not yet held that recklessness constitutes scienter where the defendant owes no duty of disclosure and of loyalty to the defrauded party. *See* 570 F.2d at 44, n.9. Even assuming, however, that the mere recklessness standard applies here, the court finds that plaintiff has not met that burden. The court also notes that Weil was reasonably entitled to believe that Schulman had access to the Micro prospectus, which made explicit the speculative nature of the Micro stock. Schulman was an experienced buyer and seller of stock who knew what a prospectus was, knew that he was entitled to obtain one, and could have obtained one if he had seriously tried to do so. The information in the prospectus was in the public domain, and, as the Second Circuit has recently remarked, "although the underlying philosophy of federal securities regulations is that of full disclosure, . . . 'there is no duty to disclose information to one who reasonably should already be aware of it.'" *Seibert v. Sperry Rand Corp.*, 586 F.2d 949 (2d Cir. 1978), *quoting Myzel v. Fields*, 386 F.2d 718, 736 (8th Cir. 1967), *cert. denied*, 390 U.S. 951, 88 S.Ct. 1043, 19 L.Ed.2d 1143 (1968). Under these facts Weil had no duty to disclose to Schulman the information contained in the prospectus.

Judgment is to be entered in favor of defendants. Within one week hereof, defendants shall submit, on notice, to the clerk of this court a judgment consistent with this opinion.