**Ersel G. SEILER, Jr., on behalf of himself and all others similarly situated, Plaintiff,**

v.

**E.F. HUTTON & COMPANY, INC., Defendant.**

**Civ. A. No. 83–2706.**

United States District Court,
New Jersey.

Jan. 11, 1984.

608

Hersh Kozlov, Cherry Hill, N.J., and Richard D. Greenfield, Carole A. Broderick, David B. Zlotnick, Greenfield & Chimicles, Haverford, Pa., for plaintiff.

Philip Stephen Fuoco, Haddonfield, N.J., and Leonard Barrack, Daniel E. Bacine, Barrack, Rodos & Bacine, Philadelphia, Pa., for defendant.

## OPINION

BROTMAN, District Judge.

This action is brought by a purchaser of securities against E.F. Hutton & Co., Inc., a securities broker, alleging violations by the defendant of § 10(b) of the 1934 Securities Exchange Act, Rule 10b–5 of the Securities Exchange Commission, and common law principles of fraud and misrepresentation. Presently before the court is defendant's motion pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the complaint. Although this action is brought as a class action, plaintiff is withholding his motion for class certification pending the disposition of this motion to dismiss. This court's jurisdiction is based on 15 U.S.C. § 78aa.

Plaintiff makes the following relevant allegations, which must be taken as true for purposes of this motion to dismiss:

The plaintiff is an individual who made successive purchases of the securities of Texas International Company ("TEI") in 1981 and 1982. The defendant, E.F. Hutton & Co., Inc. ("Hutton" or "defendant") is a broker and dealer in securities. TEI is a Delaware corporation principally engaged in the acquisition of, exploration for and production of crude oil and natural gas in the United States and Canada and the purchasing, exchanging, and processing of oil, condensate and refined petroleum products.

Between July 28, 1981, and January 19, 1982, plaintiff purchased $43,582.86 in TEI securities, consisting of 1000 shares of TEI common stock and 1400 call options. Plaintiff made these purchases in reliance on a series of materially misleading reports issued by Hutton and authored by Hutton's former securities analyst Dan Rice ("Rice").

Hutton's reports about TEI were materially misleading, in part because they enthusiastically reported about the prospects of oil production in one of TEI's properties, the Eloi Bay/Half Moon Field, known commonly as "Eloi Bay." Eloi Bay had produced 20 million barrels of oil since its discovery in 1953. In about 1980, TEI began exploring the possibility of extending its oil exploration to a part of Eloi Bay known as the "Tuscaloosa formation." TEI had substantial difficulty finding a joint venture partner for its proposed further exploration of Eloi Bay. TEI tested the Eloi Bay structure in October 1980 at an expense of $23 million, and found the exploration laborious because of extreme environmental conditions and a collapse of its well. TEI unsuccessfully tried to obtain financing of its exploration project. Potential lenders apparently refused TEI's loan requests because the project was too speculative. TEI could not fund further development on its own; its overall production had declined in 1982 and its overall

production and revenues were expected to decline in the future.

Beginning at some point prior to July 1, 1981, defendant E.F. Hutton began manipulating the market for TEI securities and artificially inflating the price of those securities. Hutton solicited orders from its clients and issued at least 24 reports about TEI between September 9, 1981 and February 17, 1982. These reports consciously or recklessly misrepresented facts and omitted other facts necessary to make the facts stated not misleading. These reports were made (1) to distort the truth and otherwise mislead its customers in order to support and maintain the market prices of TEI securities, and (2) to generate for itself substantial commissions and margin interest rates as a result of the transactions. Hutton's actions were part of an "unlawful combination, conspiracy or course of conduct" (Complaint ¶ 21) with its former securities analyst Dan Rice and with TEI, as well as with other persons whose identities are "presently unknown to the plaintiff." *Id.*

In summary, then, plaintiff is alleging that TEI needed money badly, and that Hutton—acting in concert with its analyst and with TEI—began generating an apparent market for TEI securities by issuing a series of fraudulent statements about TEI. Hutton's representations were made "knowing them to be false when made or in reckless disregard of the facts with respect thereto." Complaint ¶ 23. Plaintiff lists eleven specific items in Paragraph 23 which it alleges were conscious or reckless misrepresentations or omissions. Complaint ¶ 23(a)–(k).

**DISCUSSION**

Plaintiff's complaint consists of two counts. First, plaintiff alleges that Hutton's conduct violated § 10(b) of the 1934 Securities Exchange Act and Rule 10b–5 promulgated thereunder by the Securities Exchange Commission. Second, plaintiff alleges that Hutton's fraudulent statements and omissions violated the common law of fraud and misrepresentation.

For purposes of this motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations must all be taken as true. *Leone v. Aetna Casualty & Surety Co.,* 599 F.2d 566 (3rd Cir.1979). A complaint may not be dismissed under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

**VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

Section 10(b) of the 1934 Securities Exchange Act provides:

"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange—

\*　　\*　　\*　　\*　　\*　　\*

"(b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors."

Rule 10b–5 of the Securities Exchange Commission provides:

"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,

"(a) To employ any device, scheme, or artifice to defraud,

"(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the cir-

cumstances under which they were made, not misleading, or

"(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security."

■ The elements of a private cause of action against a broker-dealer in securities under § 10(b) and Rule 10b–5 are (1) misrepresentation or nondisclosure (2) of material fact (3) made with scienter (4) upon which plaintiff relied (5) that proximately caused (6) damages to the plaintiff. Bromberg & Lowenfels, *Securities Fraud & Commodities Fraud,* § 5.27 at p. 5:43 (1982). The court will analyze plaintiff's complaint to determine whether, taking all of plaintiff's allegations to be true, plaintiff has stated an actionable claim under these securities laws.

■ The first question is whether plaintiff has alleged a misstatement or omission. This the plaintiff has done. In Paragraph 23 of his complaint, plaintiff has detailed eleven facts which he claims Hutton failed to disclose in connection with Hutton's repeated representations to prospective buyers of TEI securities. Nondisclosure of facts about the issuer's financial condition is clearly actionable fraud under the securities laws. *Richard Bruce & Co.,* 43 SEC 777, 778–79 (1968), *aff'd sub nom. Gross v. SEC,* 418 F.2d 103 (2nd Cir.1969).

The second element of plaintiff's claim is materiality. The Third Circuit Court of Appeals has ruled:

Under Rule 10b–5, misinformation by misrepresentation or omission is not by itself sufficient; the information in question must be material. The Supreme Court has defined materiality as: "a substantial likelihood that under all the circumstances, the omitted fact would have assumed actual significance in the deliberation of the reasonable shareholder."

*Healey v. Catalyst Recovery of Pennsylvania,* 616 F.2d 641, 647 (3rd Cir.1980), *quoting TSC Industries v. Northway,* 426 U.S. 438, 449, 96 S.Ct. 2126, 2132, 48 L.Ed.2d 757 (1976). The court finds that the facts allegedly omitted by Hutton in its statements about TEI, especially the facts about TEI's financial condition and the actual status of its investment properties (Complaint ¶¶ 23(a), (b), (d)–(i) and (k)), would certainly "have assumed actual significance in the deliberations of the reasonable shareholder." *Healey, supra,* 616 F.2d at 647.

The third essential element of a Rule 10b–5 cause of action is scienter, defined as "a mental state embracing intent to deceive, manipulate, or defraud." *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 193 n. 12, 96 S.Ct. 1375, 1381 n. 12, 47 L.Ed.2d 668 (1976). In the Third Circuit, "scienter" has been defined to include recklessness. *Sharp v. Coopers & Lybrand,* 649 F.2d 175, 193 (3rd Cir.1981). Plaintiff had alleged both reckless and intentional misstatements and omissions by the defendant (Complaint ¶ 22) and had alleged facts which, if true, would support these allegations. The scienter requirement is thus satisfied for purposes of this motion to dismiss.

The fourth element of the 10b–5 cause of action is reliance. *See Sharp v. Coopers & Lybrand,* 649 F.2d 175 (3rd Cir.1981). Plaintiff has very specifically alleged his reliance (Complaint ¶ 25) and has also specifically alleged the series of Hutton reports on which he relied in making purchases in 1981 and 1982 of TEI securities. (Complaint ¶ 22).

■ The next element of a Rule 10b–5 action is causation. Principles of causation in securities cases are satisfied "if the misrepresentation touches upon the reasons for the investment's decline in value." *Beissinger v. Rockwood Computer Corp.,* 529 F.Supp. 770, 787 (E.D.Pa.1981), *quoting Huddleston v. Herman & MacLean,* 640 F.2d 534, 543 (5th Cir.1981). Thus if the plaintiff's losses were due to intervening causes such as the insolvency of TEI brought about by market conditions *unrelated* to Hutton's alleged misrepresentations and omissions, Hutton may ultimately not be liable to the plaintiff. *See Marbury*

*Management, Inc. v. Kohn*, 629 F.2d 705, 716 (2nd Cir.1980) (Meskill, J., dissenting).

Plaintiff has alleged that Hutton artificially created a market and high price for TEI securities by effectively inducing Hutton customers to bid against one another (Complaint ¶ 23(j)) while simultaneously misrepresenting or failing to disclose a variety of material facts about TEI's financial stability and its investments and securities (Complaint ¶¶ 23(a)–(i) and (k)). Plaintiff further alleges that by the time investors learned the truth about TEI's "true financial and operating condition ... the market price of TEI securities had substantially declined." Complaint ¶ 27. Finally, plaintiff alleges that defendant's failure to disclose this information caused plaintiff's losses. *Id.* at ¶ 28. Taking as true these allegations, the court finds that plaintiff has sufficiently pled a causal relationship between the matters about TEI allegedly misrepresented and omitted by Hutton and plaintiff's injuries from these misrepresentations. No intervening or superseding causes of TEI's financial decline and plaintiff's losses are even suggested in the complaint, which is the sole focus of the court's inquiry on this motion to dismiss.

■ The final element of plaintiff's action under Rule 10b–5 is damages. Although neither § 10(b) nor Rule 10b–5 contain explicit damage provisions, a plaintiff in a 10b–5 case may recover damages not "in excess of his actual damages on account of the act complained of." *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 155, 92 S.Ct. 1456, 1473, 31 L.Ed.2d 741 (1972). In the case at bar, plaintiff has alleged that the actions of Hutton and its co-conspirators "have caused damage to plaintiff ... in an amount that is not presently ascertainable." Complaint ¶ 28. The court finds that this allegation of damages at this early stage in the proceedings is sufficient to withstand this motion to dismiss.

In moving to dismiss, Hutton makes several arguments challenging the sufficiency of the complaint.

First, Hutton suggests that plaintiff is attempting to "bootstrap what are at most vague claims for common law negligence and breach of fiduciary duty into claims under the federal securities laws." Defendant's Brief in Support of its Motion to Dismiss ("Defendant's Brief") at 7. The court rejects this attempt to recharacterize plaintiff's complaint. As indicated above, the court has found that the allegations in plaintiff's complaint state a cause of action under § 10(b) and Rule 10b–5. In doing so, the court is merely evaluating the sufficiency of the complaint and expresses no opinion as to the truth of plaintiff's allegations.

■ Hutton argues that it was merely expressing to plaintiff and other investors its opinion about TEI securities. Hutton argues that it "honestly" held the opinions it expressed. The court rejects these arguments. In the first place, although honesty and good faith are defenses which might ultimately be presented to the trier of fact, they may not be evaluated by the court on a motion to dismiss. Secondly, insofar as defendant contends that it was merely expressing its "opinion" about TEI stock, both the SEC and the courts have consistently held that "[t]he antifraud provisions of the federal securities laws require that a broker-dealer have a reasonable basis for all opinions, predictions and recommendations concerning securities." Bromberg & Lowenfels, *Securities Fraud and Commodities Fraud*, § 5.7 at p. 5:50 (1982) (cases collected). Plaintiff has alleged that Hutton knowingly or recklessly misrepresented facts and omitted to state other material facts in connection with its announcements about TEI. Taking these allegations to be true, the court must at this point reject Hutton's apparent position that it had a sound basis for its predictions. This, like good faith, is not a matter which can be resolved on a motion to dismiss, but must be evaluated by the trier of fact after the facts of this controversy are fully developed.

■ Hutton makes only one other argument that is worthy of note. It states that

certain of the "so-called facts" on which plaintiff bases his claim "were obvious and this needed no special disclosure." Defendant's Brief at 15. It argues, *inter alia,* that the risk and expense of oil and gas drilling are obvious, as were some of the other potential problems connected with TEI's operation and funding which plaintiff asserts were material facts which Hutton did not disclose. In support of its argument, Hutton cites a single case, *Seibert v. Sperry Rand Corp.,* 586 F.2d 949, 952 (2nd Cir.1978).

The facts in the *Seibert* case, which the court ruled were known to both parties and to the general public, were the longstanding conflicts of J.P. Stevens & Co. with labor unions, which had been

> reported countrywide in the press and on radio and television, were discussed in Congress and were analyzed in published administrative and judicial opinions; [and which were the subject of] a nationwide boycott ... accompanied by massive media advertising.

*Siebert, supra,* 586 F.2d at 952 (footnote omitted). Presented with these facts, the Second Circuit Court of Appeals ruled that "where information is equally available to both parties, a defendant should not be held liable to the plaintiff under the securities laws for failure to disclose." *Id.* By contrast, plaintiff in the case at bar was allegedly relying on Hutton's enthusiastic reports about TEI, its Eloi Bay exploration, and its future prospects for economic success. Information about these matters, including information about TEI's financial status and future, are *not* facts "equally available to both parties," *id.,* but are facts allegedly being made available to Hutton by TEI but not being told in their entirety to the plaintiff and other investors. Accordingly, the court must reject Hutton's argument that the allegedly omitted facts were "obvious" to the plaintiff.

The court has examined Hutton's other contentions and must agree with the plaintiff that Hutton is merely contesting its liability on the alleged violations of the securities laws, rather than attacking the sufficiency of the complaint under the principles enunciated above. These defenses may of course be raised at trial, but may not be given any weight by the court on this motion to dismiss.

Accordingly, the court will deny defendant Hutton's motion to dismiss Count One of plaintiff's complaint.

## COMMON LAW VIOLATIONS

Plaintiff alleges in Count Two of his complaint that Hutton is liable "under the common law of fraud and misrepresentation." Complaint, ¶ 30. A cause of action for misrepresentation amounting to actual legal fraud consists of

> a material representation of a presently existing or past fact, made with knowledge of its falsity and with the intention that the other party rely thereon, resulting in reliance by the party to his detriment.

*Capano v. Borough of Stone Harbor,* 530 F.Supp. 1254, 1264 (D.N.J.1982), *quoting Jewish Center of Sussex County v. Whale,* 86 N.J. 619, 624, 432 A.2d 521 (1981).

Taking everything in plaintiff's complaint to be true, it is clear that plaintiff has sufficiently pled a common law claim of fraud and misrepresentation. Plaintiff alleges that Hutton's misrepresentations and omissions (Complaint ¶ 23) were material to his decisions as a shareholder (*id.* at ¶ 22); that they were made by Hutton with knowledge of their falsity (*id.* at ¶¶ 23–24); that they were made with the intent that plaintiff rely on them (*id.* at ¶ 27); and that plaintiff did rely on them (*id.* at ¶ 25) to his detriment (*id.* at ¶ 28).

Accordingly, the court will also deny Hutton's motion to dismiss Count Two of plaintiff's complaint.

An order incorporating the foregoing will be entered.