09-0309-cv
Bader v. Blankfein

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the fourteenth day of December, two thousand and nine.

PRESENT:

> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> EDWARD R. KORMAN,
> > *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JEFFREY W. BADER,

> *Plaintiff-Appellant*,

> -v.-                                                              No. 09-0309-cv

LLOYD C. BLANKFEIN, GARY COHN, JON WINKELRIED,
JOHN BROWNE, JOHN H. BRYAN, CLAES DAHLBACK,
STEPHEN FRIEDMAN, WILLIAM W. GEORGE, RAJAT K. GUPTA,

---

[*] The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

1

JAMES A. JOHNSON, LOIS D. JULIBER, EDWARD M. LIDDY,
RUTH J. SIMMONS, JOHN S. WEINBERG, CHRISTOPHER A. COLE,
J. MICHAEL EVANS, EDWARD C. FORST, RICHARD A. FRIEDMAN,
RICHARD J. GNODDE, KEVIN W. KENNEDY, PETER S. KRAUS,
MASANORI MOCHIDA, THOMAS K. MONTAG, JOHN F.W. ROGERS,
ERIC S. SCHWARTZ, MICHAEL S. SHERWOOD, DAVID M. SOLOMON,
DAVID A. VINIAR, GREGORY K. PALM, ESTA E. STECHER,
ALAN M. COHEN,

> *Defendants-Appellees,*

THE GOLDMAN SACHS GROUP, INC.,

> *Nominal-Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| FOR PLAINTIFF-APPELLANT: | ALEXANDER ARNOLD GERSHON, Barrack, Rodos & Bacine, New York, NY (Regina M. Calcaterra, Gloria Kui Melwani, Barrack, Rodos & Bacine, New York, NY, *on the brief*, Daniel E. Bacine, Barrack, Rodos & Bacine, Philadelphia, PA, *of counsel*). |
|---|---|
| FOR DEFENDANTS-APPELLEES: | DAVID H. BRAFF (Gandolfo V. DiBlasi, David M.J. Rein, *on the brief*) Sullivan & Cromwell LLP, New York, NY. |

Appeal from a December 18, 2008 order of the District Court for the Eastern District of New York (Sandra L. Townes, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Plaintiff-appellant Jeffrey W. Bader appeals from an order dismissing his stockholder's derivative action, on behalf of nominal-defendant the Goldman Sachs Group, Inc. ("Goldman Sachs"), a Delaware corporation, against defendants-appellees, the directors of Goldman Sachs, based on a proxy statement that allegedly omitted disclosures that the SEC required and contained materially false statements and omissions. Plaintiff's action arises under section 14(a) of the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. § 78n(a), and the regulations of the United States Securities and Exchange Commission ("SEC"). The District Court dismissed plaintiff's derivative action for failure to make pre-suit demand on the board of directors. Plaintiff timely appealed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

As a threshold matter, defendants argue that this appeal is moot. Plaintiff responds that this claim falls under an exception to the mootness doctrine because it seeks relief for a wrong that is

2

"capable of repetition, yet evading review." *Heldman on Behalf of T.H. v. Sobol*, 962 F.2d 148, 157 n.9 (2d Cir. 1992); *see also Honig v. Doe*, 484 U.S. 305, 322-23 (1988) (recognizing an exception to the mootness doctrine upon finding a "sufficient likelihood that [plaintiff] will again be wronged in a similar way, and that any resulting claim [plaintiff] may have for relief will surely evade . . . review" (internal quotation marks and citation omitted)); *Seibert v. Sperry Rand Corp.*, 586 F.2d 949, 951 (2d Cir. 1978) (recognizing an exception to the mootness doctrine for a wrong capable of recurrence yet evading review). While we recognize that the particular SEC regulation at issue in plaintiff's claims is no longer in effect, the underlying alleged wrongful conduct—providing misleading calculations in proxy statements under section 14—is a wrong that is "capable of repetition, yet evading review." *Heldman*, 962 F.2d at 157 n.9. Plaintiff's appeal is, therefore, not moot.

On appeal plaintiff argues that (1) there is no pre-suit demand requirement for shareholder derivative suits under section 14 of the 1934 Act because proxy misstatements are not a product of business judgment, and (2) accordingly, demand was excused in the instant case because this proxy misstatement was not a product of the valid exercise of business judgment, and (3) in the alternative, demand was excused in this particular action as futile because the directors were either interested or not independent. Defendants respond that section 14 suits are not generally exempt from a demand requirement, and that plaintiff was not excused on either ground for failing to meet that requirement before bringing his derivative suit so the District Court properly dismissed plaintiff's suit. For the reasons stated below, we affirm the District Court's dismissal of plaintiff's suit.

Plaintiff bases both grounds for excusing demand on *Aronson v. Lewis*, a Delaware case which provides that demand should be excused when a reasonable doubt is created that (1) the directors are disinterested and independent or (2) the challenged transaction was otherwise the product of a valid exercise of business judgment. 473 A.2d 805, 812 (Del. 1984), *overruled on other grounds by Brehn v. Eisner*, 746 A.2d 244 (Del. 2000).

No clear rule has emerged from the district courts that have addressed this issue, and we do not find the need to set forth a bright-line rule at present, as demand under *Aronson* is an inquiry *specific to the challenged transaction*. We therefore decline plaintiff's invitation to create a blanket rule under the second prong of *Aronson* declaring that demand is generally not required in a shareholder derivative suit alleging violations of section 14 of the 1934 Act.

Plaintiff further contends that because the SEC regulation at issue here required "full disclosure," the proxy statement disclosure was not a matter of business judgment so that demand should be excused. We disagree. The particular disclosure at issue on this appeal was a business judgment. The directors had a legal obligation to disclose *either* the potential realizable value of stock options granted to officers *or* the present value of the stock options granted. The regulations further provided that if the proxy statement disclosed the present value, it could be calculated under "*any* option pricing model." 17 C.F.R § 229.402(c)(2)(vi) (Apr. 1, 2006) (emphasis added). The information required to be disclosed could not have been done automatically or without thought. Rather, determining which figure to disclose and which pricing model to apply required discretion and an exercise of business judgment.

3

Where, as here, directors must use valid business judgment to meet their obligations under section 14, the demand requirement for a derivative shareholder suit cannot be excused. The demand requirement "affords the directors an opportunity to exercise their reasonable business judgment" by upholding the fundamental concept that directors manage the business and affairs of a corporation. *Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 533 (1984). Although we can anticipate a situation in which demand would be futile, and thus excused under the second prong of *Aronson*, in a section 14 derivative suit, that is not the case here. We agree with the District Court that demand was necessary here and was therefore not excused.

Plaintiff also argues that he was excused from the demand requirement under the first prong of *Aronson* because a majority of the directors were either interested or not independent. As Judge Townes stated in her thoughtful and comprehensive opinion, plaintiff's "complaint[,] [even if amended, would] not create a reasonable doubt that the majority of the directors are disinterested and independent, and therefore fails to establish that it would have been futile to make demand upon Goldman's Board of Directors prior to commencing this action." SPA 17 (Order of Dec. 18, 2008).

We have considered plaintiff's other arguments and find them to be without merit.

## CONCLUSION

In sum, we hold that demand was not excused for plaintiff's suit under section 14 of the 1934 Act, and because plaintiff failed to make a demand prior to commencing this action, his claim must be dismissed.

Accordingly, we AFFIRM the judgment of the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

By _____